## RITTERSPAUGH v SLICKER

Ohio Appeals, 5th Dist, Stark Co
No 1023.   Decided Oct 17, 1930

W. S. Ruff, Canton, for Ritterspaugh.
Oscar M. Abt, Canton, for Slicker.

LEMERT, J.

From an examination of the record in the case at bar, we find that the traffic on Tuscarawas Street, West, ordinarily is very heavy, and as a result of the foot-ball game,

was specially heavy on that particular day. The record shows that both the Ford automoblie, upon the running board of which plaintiff was standing, and the defendant's automobile were traveling at a moderate rate of speed, and that at least until just before the accident, both cars were traveling in their proper place on the right hand side of the road. The record also discloses that there were other automobiles traveling from the west to the east at the time of the accident. The record discloses that at the time of the accident and as the driver approached the intersection the Ford car ahead of him, and upon the running board of which the plaintiff was standing, turned to the left as though to make a left turn, and the driver, as a result of this left turn on the part of the Ford car, kept going straight ahead when the Ford car made an unexpected turn to the right at the point of the intersection, and the defendant at that instant, in order to avoid a contact with the Ford car, swung partly into Claremont Avenue at the intersection and then over the curb, and brought his car to a stop immediately ahead of the Ford car. There was some contact between the two cars and the plaintiff fell to the ground and was severely injured.

The testimony of the plaintiff herself shows that she was standing on the running board; that in order to maintain her balance, it was necessary for her to hold on to some part of the Ford coupe, and that in addition her mother was holding her left hand in order to support her.

We note from the pleadings that on the morning of the trial the plaintiff filed an amended petition, in which was injected into this case the doctrine of the last clear chance rule.

This doctrine being the first ground of error relied upon, and in applying the doctrine of the last clear chance, we find a very helpful case in **Cleveland Railway Co. v. Wendt**, Ohio Law Reporter, Vol. 28, March 25, 1929, wherein it is held that

"Where the plaintiff pleads the last clear chance rule, there was no proof tending to prove a state of facts making the rule applicable to the plaintiff, even if we assume that the defendant was negligent as charged by the plaintiff, the proof discloses that the negligence of the plaintiff continued and concurred with the negligence of the defendant, if there were such, in producing the injury. The last clear chance rule presupposes fault or negligence on the part of the plaintiff. It does not apply in a case where continuing negligence of the plaintiff and the concurring negligence of the defendant both contribute to produce the injury."

**Brown v. Traction Co., 76 Oh St 234;**

"The rule only applies where the fault or negligence of the plaintiff is the remote and the fault or negligence of the defendant is the proximate cause of the accident."

It is apparent, therefore, that where the evidence does not tend to prove a state of facts bringing the plaintiff within the rule of the last clear chance, she cannot rely upon it as a predicate for recovery. We also cite 23 O. C. C. N. S. 475.

As to the further complaint that the Court failed to charge on the question of imputed negligence, we note from the record that the Court, at the conclusion of his general charge, inquired if there were any suggestions and there were none forthcoming from counsel for plaintiff. We further note that counsel for plaintiff specially excepted to the alleged failure of the Court to charge on the question of imputed negligence. We understand the rule to be that before any error can be claimed by reason of the failure of the Court to charge in this respect, it is necessary for counsel to call the particular matter to the Court's attention and give him an opportunity to refuse.

**Sorochak v. Reed,** Ohio State Bar Association Report, Vol. 2, p 21, Aug. 20, 1929, first paragraph of syllabus.

Keeping in mind that the verdict in this case was a general verdict for the defendant, and under the pleadings and the reported testimony, the jury might have arrived at their verdict because of varied or different reasons.

We believe and find the rule to be that even though error may appear in the charge of a Court, yet if the verdict is general and the verdict might have been arrived at on a proposition not involving the claimed error, then no prejudice has resulted. We also note that there is no claim made that the verdict of the jury was manifestly against the weight of the evidence. Therefore it follows that we find no error in the record prejudicial to the rights of the plaintiff in error, and the judgment and finding of the Court below will be and the same is hereby affirmed.

Exceptions may be noted.

Houck, J, and Sherick, J, concur.